Martha Thompson, Plaintiff, *v.* Close-Up, Inc., Defendant.

Supreme Court, Special Term, New York County, March 23, 1950.

*Benjamin E. Winston* for defendant.

*Philip Roth* for plaintiff.

BENVENGA, J. In this motion for judgment on the pleadings, the amended complaint alleges that in the November, 1947, issue of *Confidential Detective Cases,* a magazine owned and published by the defendant, the defendant, without consent of the plaintiff, used the plaintiff's photograph in connection with an article entitled " Dealers in Dope ". The photograph appears under the caption " Mary Pennochio: Her husband had been a partner of Lucky Luciano. When he was taken out of circulation, she carried on his work."

The question is whether the use of the plaintiff's photograph comes within the purview of sections 50 and 51 of the Civil Rights Law, which, so far as pertinent, prohibits the unauthorized use, " for purposes of trade ", of the portrait or picture of any living person. Obviously, the photograph was not used in connection with an item of current news or of immediate public interest, nor is the story entirely one of fiction or imagination. It purports to be an article of an educational or informative nature. The specific problem is whether the use of the photograph comes within the fourth category of the rules governing liability formulated by SHIENTAG, J., in *Lahiri* v. *Daily Mirror* (162 Misc. 776, 782).

Since the plaintiff is not Mary Pennochio and had no connection with the story, it would seem that a triable issue is presented as to whether the photograph was used " for purposes of trade "; in other words, for the purpose of promoting the sale of the publication (*Martin* v. *New Metropolitan Fiction, Inc.,* 139 Misc. 290, affd. 234 App. Div. 904; *Jaffe* v. *Look, Inc.,* N. Y. L. J. Aug. 19, 1938, p. 431, col. 6; *Reisner* v. *Service Pub. Co.,* N. Y. L. J. April 27, 1949, p. 1505, col. 7; *Valerni* v. *Hearst Magazine,* N. Y. L. J., Nov. 1, 1949, p. 1074, col. 3; *Schley* v. *New York Journal,* N. Y. L. J., June 28, 1938, p. 3107, col. 2; *Griffin* v. *Medical Soc.,* 11 N. Y. S. 2d 109; see, also, article by former Judge BRUCE BROMLEY of the Court of Appeals on Right of Privacy, N. Y. L. J., Jan. 13, 1941, p. 188, col. 1, Jan. 14, 1941, p. 206, col. 1, Jan. 15, 1941, p. 226, col. 1.)

As the learned author observed in the article just cited, whether the public interest in free publication of pictures is

greater than the individual's interest in privacy in a particular case is " a very close question ". In the great bulk of cases, this question must ultimately be a question of fact, to be determined as an issue of fact in the particular case.

The motion is accordingly denied.