Appeal from an order of the Supreme Court at Special Term- entered March 24, 1950, in New York County, which denied a motion by defendant for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

Per Curiam.

Plaintiff, as was said at Special Term, had no connection with dope peddling, which is the subject of defendant’s article, and is not a public figure in the field in question (cf. Gavrilov v. Buell, Sloan & Pearce, 276 App. Div. 826); therefore, the publication of her photograph was related neither to the reporting of news, nor to the exposition of a subject of general interest or educational value. It falls within none of the exceptions to the coverage of sections 50 and 51 of the Civil Rights Law, such as are enumerated in Lahiri v. Daily Mirror (162 Misc. 776), and, therefore, as the decision by Special Term states, plaintiff’s photograph may be found, to have been published (although, perhaps, by mistake) merely to increase the circulation of the magazine, which is to say, for purposes of advertising or trade. We are not called upon now to decide whether such a determination' should be made as a question of law or may be made as a question of fact, inasmuch as the appeal is from an order denying defendant’s motion for judgment dismissing the amended complaint for insufficiency.
*849 The order appealed from should be affirmed, with $20 costs and printing disbursements.
Peck, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements. [197 Misc. 921.]